# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

FILED
MIDDLE DIST. OF LA

2003 JAN 30 P 2: 13

SIGN _____ pch
BY DEPUTY CLERK

**Rickey Barnes, /119466**

_____

_____

_____

Enter above the full name of the plaintiff or plaintiffs in
this action.

03CV83 - D - M

### VERSUS

**Sargent, David Johnson, et.al
Please see supplement for other
defendant(s), because of the
number of defendant(s) involved etc.**

Enter above the full name of the defendant or defendants
in this action.

## COMPLAINT

I. **PREVIOUS LAWSUITS:**

a.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

    Yes (✓)          No ( )

b.  If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.  Parties to this previous lawsuit

**Plaintiffs:** Rickey Barnes, #119466 _____

_____

**Defendants:** Sargent, David Johnson, et.al
: Please see supplement for other defendants, based
upon the fact that there are numerous defendants:

1.

| INITIALS | DOCKET# |
|----------|---------|
| nt | 1 |

2. Court (If federal court, name the district; if state court name the parish):

20th Judicial District Court; P.O. Box 1247— ST. Francisville, LA. 70775 — Parish.

3. Docket number: Having receive one yet.

4. Name of Judge to whom case was assigned: — N —

5. Disposition (for example, was the case dismissed? Was it appealed? Is it still pending?):

Just Filed,

6. Approximate date of filing lawsuit: January 16, 2003

7. Approximate date of disposition: January 16, 2003

II. PLACE OF PRESENT CONFINEMENT: La. STATE Prison, Angola, LA. 70712

a. Is there a prisoner grievance procedure in this institution?

Yes (✓)   No ( )

b. Did you present the facts relating to your complaint in the prisoner grievance procedure?

Yes (✓)   No ( )

c. If your answer is YES:

1. What steps did you take? Filed Administration Remdy Procedure (ARP)(s) and, Administration Appeals, etc.

2. What was the result? All Denied, at every level of the Prison System, etc.

d. If your answer is NO, explain why not? — N —

Administration Remdy Procedure (ARP)(s) No: LSP—2002—0735; LSP—2002—0574.

Administration Appeal Procedure (s) No: LSP—2002—12366; LSP—2002—12386.

: Institutional Records numbers:

2

III. **PARTIES:**

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

a.   Name of plaintiff: __Ricky Barnes # 119466__

    Address: __Cuda 3-L-3; LA. STATE Prison; Angola, LA. 70712__

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.)

b.   Defendant __Sargent, David Johnson, etc.__ is employed as __Sargent__ at __the Louisiana State Prison Angola, LA. 70712__

c.   Additional Defendants: __Please see Supplement herein, etc, because of numberou of Defendants.__

IV. **STATEMENT OF CLAIM:**

State here as briefly as possible the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. If you intend to allege a number of related claims, number and set forth each claim in a seperate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

:Please see supplement herein, etc.

3

C: Please see Supplement herein, etc:

## V. RELIEF:

State briefly exactly what you want the court to do for you. MAKE NO LEGAL ARGUMENTS. CITE NO CASES OR STATUTES.

*Please see supplement herein, etc.*

Signed this _28th_ day of _January_ , _2003_ .

_R B_ #119406

**(Signature of Plaintiff or Plaintiffs)**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed On: _January 28th, 2003_

_R B_ #119406

Signature of Movant

Signature of Attorney (if any)

5

## : SUPPLEMENT TO PLAINTIFF'S COMPLAINT :

MAY IT PLEASE THE COURT:

Pro se Plaintiff, Rickey Barnes, PLAINTIFF hereinafter files this 42 U.S.C. § 1983, Suit asserting several Causes of action against the named Defendants herein to wit:

## : JURISDICTION AND VENUE :

1.) This Court has Jurisdiction over this action under 28 U.S.C. § 1331 and 1343 (1)(3)(4). The matter in Controversy arise under 42. U.S.C. § 1983.

2.) Venue properly lies in this District pursuant to 28 USC § 1391 (a), because the events giving rise to this Cause of action occurred at the Louisiana State Penitentiary, in Angola, Louisiana 70712, which is located within the Jurisdiction of the "Middle District court, City of Baton Rouge, Louisiana.

## : PARTIES :

3.) Plaintiff Rickey Barnes is an inmate presently incarcerated at the Louisiana State Penitentiary L.S.P. in Angola, Louisiana. at all times relevant hereto.

4.) Plaintiff Witness, McKinson Baker # 96376, is an inmate at LSP and is presently incarcerated there, at all times relevant hereto.

5.) Plaintiff Witness, Emanuel Williams # 107974, is an inmate at LSP and is presently incarcerated there, at all times relevant hereto.

6.) Plaintiff Witness, Kevin Carter # 303424, is an inmate at LSP and is presently incarcerated there, at all times relevant hereto.

7.) Plaintiff Witness, Darnell Craft #362608, is an inmate at (LSP) and is presently incarcerated there, at all times relevant hereto,

8.) Plaintiff Witness, Jonathon Wilson #352701, is an inmate at (LSP) and is presently incarcerated, ▓▓▓ there at all times relevant hereto,

9.) Plaintiff Witness, Rodney Taylor #361396, is an inmate at (LSP) and is presently incarcerated, there at all times relevant hereto,

10.) Plaintiff Witness, Corey Nixson #220840, is an inmate at (LSP) and is presently incarcerated, there at all times relevant hereto,

11.) Plaintiff Witness, John Doe, #000000, is an inmate at (LSP) and is presently incarcerated, there at all times relevant hereto,

12.) Plaintiff Witness, John Doe #000000, is an inmate at (LSP) and is presently incarcerated, there at all times relevant hereto,

13.) Plaintiff Witness, John Doe #000000 is an inmate at (LSP) and is presently incarcerated, there at all times relevant hereto,

14.) Plaintiff Witness, John Doe #000000 is an inmate at (LSP) and is presently incarcerated, there at all times relevant hereto,

15.) Plaintiff Witness, John Doe #000000 is an inmate at (LSP) and is presently incarcerated, there at all times relevant hereto,

16.) Defendant, David Johnson, is a Security Sargent at (LSP). He's being sued in his individual and official capacity.

17.) Defendant, Russel Bordelon, is a Security Captain at (LSP). He's being sued in his individual and official capacity.

18.) Defendant, Billy Montgomery, is a Security Lieutenant at (LSP). He's being sued in his individual and official capacity.

19.) Defendant, Clint Bond, is a Security Lieutentant at (LSP). He's being sued in his individual and official capacity.

20.) Defendant, Harry Slater, (cell entrance team member), is a security Captain at (LSP). He's being sued in his individual and official capacity.

21.) Defendant, John Doe, is a Security Officer at (LSP). He's being sued in his individual and official capacity.

22.) Defendant, John Doe, is a Security Officer at (LSP). He's being sued in his individual and official capacity.

23.) Defendant, John Doe, is a Security Officer a (LSP). He's being sued in his individual and official capacity.

24.) Defendant, Pete Heflin, is a Physician at (LSP). He's being sued in his individual and official capacity.

25.) Defendant, Davis (First name unknown), is an assitance Warden at (LSP). He's being sued in his individual and official capacity.

26.) Defendant, Burl Cain, is the Head Warden at (LSP). He's being sued in his individual and official capacity.

27.) Defendant, Orr. (First name unknown), is a Security Major at (LSP). He's being sued in his individual and official capacity.

28.) Defendant, John Doe, is a Classification officer at [LSP]. He's being sued in his individual and official capacity.

29.) Defendant, John Doe, is a mental health worker at [LSP]. He's being sued in his individual and official capacity.

30.) Defendant, Jose serio, is a Physician at [LSP]. He's being sued in his individual and official capacity.

31.) Defendant, Bryan Juneau, is a Security Sargent at [LSP]. He's being sued in his individual and official capacity.

32.) Defendant, Mills [First name unknown], is a Security Lieu-tenant at [LSP]. He's being sued in his individual and official capacity.

33.) Defendant, Richard L. Stalder, is the Secretary of the Department of Correction. He's being sued in his individ-ual and official capacity.

34.) Defendant, Shirley Coody, is an assitance warden over Camp.J, at [LSP]. She's being sued in her individual and official capacity.

35.) Defendant, John Doe, is a Security officer at [LSP]. He's being sued in his individual and official capacity.

36.) Defendant, John Doe, is a security officer at [LSP]. He's being sued in his individual and official capacity.

37.) Defendant, John Doe, is a security officer at [LSP]. He's being sued in his individual and official capacity.

## : PRELIMINARY STATEMENT :

38.) This is a Civil right action Lawsuit, filed by Plaintiff Rickey Barnes, a state Prison, at the Louisiana

STATE Penitentiary, (LSP), Angola, La. 70712., for Damages of severe and Crippling injuries sustained by the Defendant(s) alleging " Excessive Force; Medical Deliberate Indifference; Disciplinary Violation; Retaliation and Harassment, etc. all in Violation of Plaintiff's Constitutional and Statutory rights of the 1th, 8th, 14th amendment to the UNITED STATES.

**3A.)** Plaintiff is also seeking a "Restraining Order; Injunction Relief and Declaration Judgement, Under La. C.C.P. at 1871 and Art 3601 and Plaintiff's Constitutional and Statutory rights, et. seq.

## : FACTS :

**40.)** On January 23, 2002, between the Hours of 2:45am and 4:10 am in the monring. Plaintiff was awoken out of his sleep by the Defendant. Sgt. David Johnson for a "Hair Cut"; in which Plaintiff declined, because Plaintiff had just received one around the mouth of December, 2001.

**41.)** After declining the "Hair Cut" Defendant Johnson Cut on all the cell and Hall Lights and started bringing on the top of my cell doors' yelling I'm going to get a Bald head; Like him If I 'Like it or, not.

**42.)** Plaintiff attempt to show and explain to Defendant Johnson the "Hair Cut" policy and/or memorandum that was passed out, on all the tiers by his shift a few weeks early Concerning the "Hair Cuts" in Camp. J, etc. and signed by the Head warden, Defendant Burl Cain, which states in parts:

SUBJECT: Hair Care Services:
REFERENCE: Dept. Regulation NO: B-08-003
Procedure: Section, C., of this policy read as follows:

Due to the extreme high level of Security at Camp. J; CRR and Death Row and in order to maintain accurate personal appearance. Inmates assigned to these area's are not permited to have a Beard or, mustache. Hair must be neatly trimmed and _no longer_ than Collar Length [emphasis added and/or Ommited].

**43.)** After trying to show and explain this to Defendant Johnson, he totaly Ignored and/or disregarded what I was saying about the policy, by stating he was going to go call the Boys on me and he bet I will get a "Hair Cut" than.

**44.)** Plaintiff requested to see the ranking officer over him, in which he left to go call.

**45.)** Defendant (s) Capt. Bordelon; Billy Montagmery and Lt. Clint Bond; along with Sgt. Johnson came to Plaintiff's Cell.

**46.)** Plaintiff begin to explain his problem(s) he was having with Defendant Johnson about the "Hair Cut" policy Plaintiff was holding, when Defendant Bordelon Cut Plaintiff off by stating he did not want to hear it, to come to the Bars for a "Hair Cut", in which Plaintiff tried to Show Defendant Bordelon his head, as he could clearly see through the Bars, in that Plaintiff did not have any hair on his head as it was, that I was nearly Bald head already.

**47.)** Defendant Bordelon said all Hair had to Come off in Camp. J, which was false, so I requested to see the policy that required and/or Ordered a Bald head in Camp. J, cause according to the policy Plaintiff had, Plaintiff wasn't in violation of any rules and/or regulations of the prison and plus it was in the middle of the winter time, very cold and having a Bald head, one could easlly caught a Cold or, Flu, etc.

(6.)

**48.)** Defendant Bordelon than stated he was the policy, that he wasn't going to show me nothing and If I refuse to get a "Hair Cut", that Plaintiff was going to get written up.

**49.)** Plaintiff decline, so all left my cell and tier area, without saying any more to me about the "Hair Cut".

**50.)** About two minutes or, so later Defendant Montegomery was standing back in front of my cell along with

**51.)** Defendant Bond, Sparying mace in on me, where I had just layed back down in my bed.

**52.)** Plaintiff than jump up and ran to the sink in trying to wash the mace out of my face and eyes, etc.

**53.)** Defendant(s) Montegomery or, Bond kept on spraying mace in on me for about Ten-to-fifthteen second and than left laughting!

**54.)** A Hour or, so later a Cell entrance team was at my cell door, yelling come to the bars to be restrained.

**55.)** When I tried, they would not let me, by spraying more mace in my face and hitting at my handes with a Strick they had ▮▮▮ with them.

**56.)** Plaintiff cell door was than open up and the Defendant Harry Slater, that was the cell entrance team Leader at the time, came into Plaintiff's cell along with three other unknown cell entrance team members, with an electric shield hitting me with it ⟨Plaintiff will state for the records that I'm asthmatic and this was totaly disregarded after it become known to all Defendants, even after two of my neighbors were moved for the Something. before and doing the macing of Plaintiff, etc.⟩

**57.)** When Plaintiff was brought down to the floor of his Cell, Someone begin Kicking and Stumping Plaintiff in many area(s), in that Plaintiff Sustained Injuries to the face, Back and Hand(s), etc.

**58.)** Plaintiff did not try and fight back, because it was useless and plus Plaintiff was out number, etc.

**59.)** Plaintiff heard Defendant Bordelon State brake his Neck, in which someone had grabbed Plaintiff around at the time.

**60.)** From Defendant Bordelon Voice, I could tell he was somewhere behind me, or Near.

**61.)** Plaintiff was Handcuff and Legirons put on, than someone sprayed mace point Blank range in my face, why I was still on the floor, in which I Lose all Sign and Could not Breath no more, etc.

**62.)** Plaintiff heard someone State this should teach him a Lession, about having us get out of our beds and come down here this time of monring.

**63.)** Plaintiff was than Snatch up off the floor, and push through my Cell door unguided, So I Could of hurt myself, going through it.

**64.)** Plaintiff was hit a few more times, in the face and Back area, by someone and than placed in a Chair for a "Hair Cut", in which an inmate Barbar cut an inch of Hair off my head.

**65.)** Plaintiff was than Placed in a Shower and after transferred to the prison hospital for treatment, where I had to wait two or, three hours, before I got any type of treatment, because the prison Doctor did not want to see me right off for some unknown reason(s), in which I was in pain!

66.) When Plaintiff did see the Prison Doctor (Defendant Pete Heflin), he only look me over with no physical examination or X-rays to determine any injuries, to which I complainted about.

67.) Defendant Heflin only perscribed me one (eight hunderd milligrae pill of motrin) and set me on my way.

68.) That same night Jan. 23, 2002, Plaintiff had to make an emergency medical sickcall concerning Head Aces, Back pain and Hand pain, etc, because Plaintiff could not stand straight up and/or straight out my Hand with out pain, etc.

69.) Plaintiff was Charged and referred to see a Doctor the next day, Jan. 24, 2002, in which I did not, because I was never tooked to the hospital for treatment and plus no one came to explain other whys, etc.

70.) Plaintiff complainted to everyone that same day Jan. 24, 2002, he saw about me going to the hospital and seeing a Doctor, because I was in pain, etc

71.) But to no availd, nothing happen that day of me getting any medical treatment, (I have the medical slip and other Documentations, etc.)

72.) The next day on Jan. 25, 2002. Asst. Warden Defendant Davis and Defendant Major Orr. made rounds on the housing unit Plaintiff was on and I stop them to try and get some medical help and other, etc.

73.) When Plaintiff started explaining how he became injuried for the need of medical service. Both Defendants started to walk off. Saying that they did not want to hear no more. Leaving me still in need of medical treatment or care, etc.

**74.)** To No availd Nothing happen for me, five days untill I made another medical Sickcall request. I Stuffer badly through out this matter and still do to this very day.

**75.)** On January 29, 2002, Plaintiff made another medical Sickcall request and explain to the Sickcall officer about my refer slip, Plaintiff had received five days early. He went to check the matter out, in which I was than tranferred to the Hospital, but did not see a Doctor or any other medical personal, as well as receive any medical treatment, etc, because it was told to me that there was no medical records of me Seeing a Doctor or, taking X-Rays, on which I was sent over to take, I Still have the medical refer slip and Sickcall form, to prove Both of that day,.

**76.)** Plaintiff was sent back to his Camp and housing area, without any treatment of any kind or, without any pain medication of any kind or type, etc.

**77.)** Since all this Started Plaintiff has been Harassed; Threat of Phyical Harm; Set and written up on Bogus Charges, all my Clothings, Legal material and Documents and Bed items tooken from me, my medication and food tamper with, etc., all for filing Complaints about the "Hair Cut" and other against the named Defendants herein, Dates and times Various,.

**78.)** Other Shifts are retaliating against me for their Co-Workers." Word has been passed to Shift to shift to do So, in trying to brake me from filing futher Complaints into the Courts, etc.

**79.)** ALL this has been brought to the attention of of Asst. Warden, Defendant Coody, that is over

Camp. J, where Plaintiff is housed and she has not did one thing to stop any of it, after numberous of complaints by Plaintiff. It seem she's concur to what is happening to Plaintiff in the matter.

**80.)** Plaintiff is still in so much pain that I can't sleep, sit up long or, lay down in peace with out pain!

**81.)** The pain is continous as of filing this complaint in this Honorable Court.

**82.)** Plaintiff have to walk bent over, because I can not stand straight up no more, without pain in my back and left hand is still norm from being stumped and injuried, etc. My orientation and equilibrium are all mess up".

**83.)** To this day my hand hasn't been X-Rayed for broken or, chip bone(s).

**84.)** Plaintiff seen another prison Doctor (Defendant Jose Serio) numberous of times, dates are various, in which Plaintiff has been denied any professional medical treatment and/or diagnosed for his Back; Neck; Left Hand and other pains and injuries, etc.

**85.)** Plaintiff have numberous of witnesses; Phyical evid-ence and documents, to prove all of my alleg-ations and/or contentions, etc.

**86.)** Plaintiff was in good health and condition before this incident occurred and now is particular paralyze due to the injuries Plaintiff sustained on January 23, 2002.

**87.)** Plaintiff has had to make over twenty five medical sickcall requests, including emergencies sickcalls in the case or, matter, to no availd nothing has happes of me getting any relief or, medical Care, etc.

**88.)** After the above incident had occurred, Plaintiff was brought before a Disciplinary Board (Discip. Board hereinafter) January 24th and 25th 2002 for all Charges brought against him and was denied any and all due process of Law, etc.

**89.)** The named Defendants Listed herein on Line 27, page 3; Line 28, page 4 and Line 29, page 4, held the Hearing on Plaintiff in which Plaintiff was Denied any and all Due ■ process of Law, in Calling witnesses, and presenting evidence, etc.

**90.)** All of Plaintiff's motions he made to "Investigate; Dismiss; Face my Accusers and Present Evidence, etc" was also Denied without reasons in the Hearing and/or Matter before the Discip. Board, on the 24th and 25th 2002.

**91.)** Plaintiff was found guilty and numberous of penolites was imposed upon Plaintiff unconstitutional, etc.

**92.)** Plaintiff filed Administration Remedy Procudure (ARP) (s) and Appeals in the matter, to the "Secretary of Correction" (Defendant, Richard L. Stalder), all was denied based upon the fact(s) that he Just went along with his Co-ordinates of (LSP).

**93.)** This was done without an investigation into the matter, even after numberous of requests for investigations in the incident, based upon the very serious of the case and my Injuries, etc.

**94.)** Defendant Stalder denied any and all of my requests and any relief in my complaints and Appeals.

**95.)** This is Bias and Prejudice and Plaintiff was denied a fair Process of Law or, rights in the matter.

# : ARGUMENT AND REASONS FOR RELIEF :

96.) The Jurisprudence of Law is Clear" Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it" La. Civil Code art. 2315 (West 1993).

97.) La. Civil Code, art 2324 (West 1993). Clearly States: He who conspires with another person to commit an intentional or, willful act is answerable, in Solido, with that person, for the damages caused by such act or, acts".

98.) Plaintiff contends that the Defendants herein are liable for his injuries when they knew or, should have known that they were violating Plaintiff's rights by: (1.) Enforcing a non-Existance Policy and/or Regulation, (2.) Useing unnesary force in a non-Emergency Situation, (3.) Falsifying reports and Documents to cover their wrong doing, etc. (4.) Denying Plaintiff Proper or any medical treatment or, Care, etc. (5.) Conispring in Retalating and Harassing Plaintiff for exercising his rights of Grievance, (6.) Destroying Evidence in the Case, etc. (7.) Denying Plaintiff Process of a Due Proess Discip. Board Hearing, etc. (8.) Taking any or, all of Plaintiff's property, etc. (9.) Costing Plaintiff injuries, which resulted in untold messery, Pain and Suffering, both mentally and Physically, etc. (10.) Failed to produce the alleged Posted Policy that did not exist at the time, or, no other time herein, (10.) Failed to try and rendy the matter reasonable without force of Gas and other, as well as produce the policy that they said existed at the time of said incident. (12.) Faile to follow their own Posted Policy and/or regulation at the time of said incident, etc.

99.) Plaintiff for ever Prays that this Honarable Court see also <del>Case 5:05-cv-00083/MB-SCR Document 9 01/30/08 Page 18 of 23</del> Complaint

and all relief requested herein as to the Defendants wrong malicion and sadistical acts al, actions and that they be held reliable for such injuries of Plaintiff as well, etc.

100.) It is further prayed that the Defendants and each of them be found responsible and ordered to pay in their individual and official capacity for their wrong-ful acts and actions for the injuries they in-flicted upon Plaintiff, as well as the Defendants failure to follow their own rules, regulations and policies, etc.

For which Plaintiff ever Prays!

Respectfully Submitted
by: _Ricky B_____ #119466_
(Rickey) Barnes [119466]
Plaintiff,

## :Relief And Desiree:

101.) Wherefore, Plaintiff Requests this Honorable Court To Grant the following relief:

102.) Issue a Declaratory Judgement that the Defendants Violated their own Institutional rules, Policies and Regulations, as well as State Law, Plaintiff's Constitutional and Statutory rights under the law when they:

A.) Tried to enforce a non-existant rule at a non-emergency time in the early monrning times, etc.

B.) Tried to enforce a rule that did not exist at the time of the situation al, any other time, etc.

C.) Failed to follow the proper produrce of the matter and/or incident when issueing a rule infraction,

<u>D.)</u> Use of excessive force where it wasn't an emergency Situation or necessary.

<u>E.)</u> Use of Gas and Electric weapons where it was not an emergency Situation of Life or Death or, necessary, etc.

<u>F.)</u> Falsifing information, Discip. Report and/or instit-utional Documents and others, etc.

<u>G.)</u> Failed to provide Plaintiff with a Copy of the Non-Existance Policy and/or Regulations, etc.

<u>H.)</u> Took retaliatory measures against Plaintiff, as well as Harassed Plaintiff for his good faith use of use the Administration Remedy Procedure and Others, etc.

<u>I.)</u> Denied Plaintiff due Process and equal Protection of the Law, etc.

<u>J.)</u> Failed to Administrate Proper and/or any medical care for Plaintiff's Injuries, etc.

<u>K.)</u> Failed to provide Plaintiff a fair and Due Process Hearing, etc.

<u>L.)</u> Acted under the Color of Law, wherein they abused their Authority, etc.


<u>103.)</u> <u>Issue an Injunction Ordering</u> that the Defendants or their Gents to Refrain from:

<u>A.)</u> Enforcing Non-Existance Rules, Regulations and/or Policies, etc.

<u>B.)</u> Further Retaliating and Harassing Plaintiff for exercising his rights, etc.

<u>C.)</u> Taking Plaintiff's Property Legal Documents, clothings, Food, medication and other, etc.

<u>D.)</u> Conspiring against Plaintiff for exercising his rights, etc.

E.) Useing unnecessary force, GAS and ELECTRIC weapons in NON-emergency situation, etc.

F.) Denying Plaintiff the proper or any medical treatment or care, etc.

G.) Enforcing false rules, Regulation and policies and than useing excessive force for complanice, etc.

104.) GRANT COMPENSATORY DAMAGES IN THE Following AMOUNT:

A.) $ 100,000.00 against Defendant Johnson. [LSP],

B.) $ 100,000.00 against Defendant Bordelon [LSP],

C.) $ 100,000.00 against Defendant Montogomery [LSP],

D.) $ 100,000.00 against Defendant Bond, [LSP],

E.) $ 1000,000.00 against Defendant Slater. [LSP],

F.) $ 1000,000.00 against Defendant John Doe [LSP],

G.) $ 1000,000.00 against Defendant John Doe, [LSP],

H.) $ 1000,000.00 against Defendant John Doe, [LSP],

I.) $ 1000,000.00 against Defendant Heflin. [LSP],

J.) $ 1000,000.00 against Defendant CAIN, [LSP]

K.) $ 100,000.00 against Defendant DAvis. [LSP],

L.) $ 1000,000.00 against Defendant Seria. [LSP],

M.) $ 1000,000.00 against Defendant John Doe. [LSP],

N.) $ 100,000.00 against Defendant ORR. [LSP],

O.) $ 100,000.00 against Defendant John Doe, C. Officer.

P.) $ 100,000.00 against Defendant John Doe, M.H. Worker

Q.) $ 100,000.00 against Defendant Coody [LSP],

R.) $ 100,000.00 against Defendant Stalder [DOC]

S.) $ 10,000.00 against Defendant Juneau [LSP]

T.) $ 10,000.00 against Defendant Mills [LSP]

105.) GRANT PUNITIVE DAMAGES OF $10,000.00 against each of the Defendants, or what ever is Deem, etc.

106.) GRANT EXEMPLARY DAMAGES against EACH OF the Defendants in the amount of $1000,000.00 dollar.

107.) ISSUE an ORDER Directing Defendants to return all of Plaintiff's Property, Legal and other wiser in the matter, etc.

108.) ISSUE an ORDER Directing Defendants to remove any and all falsified Conduct reports out of Plaintiff's ██ records and/or files, etc.

109.) Isse an Order Directing Defendants to reserved any and all evidence and/or Documents in this matter.

110.) GRANT Plaintiff monetary Damages for PAIN and Suffering, Humulation and Stress, etc. IN the amount of $1000,000.00 dollars.

111.) GRANT Plaintiff any and all other Such relief as it may appear deem or entitled to.

112.) Plaintiff requests that his motion for a Restraining order be reserved in this matter, for a Later date as deem necessary or, fit, etc.

Signed: this 28th day of JANUARY 2003.

~~Rickey~~ Barnes #1194606
Plaintiff.

Plaintiff declare under Penalty of Perjury that the foregoing is true and Correct to best of his remem-
-berous and/or Knowledge.

#1194606
Rickey Barnes #1194606
Cuda 3-L-3 — Camp.J
LA. STATE PRISON

## : VERIFICATION :

Sworn To And Subscribe before me a NOTARY
on ___28th___ day of ___January___ 2003.

_John Joseph_ ,
NOTARY

## : CERTIFICATION OF SERVICE :

I, Rickey Barnes Cerifiy that a Copy of this "MOTION"
was given to Classification for mailing, First Class
Mail, Postage Prepared and Place in the United States
mail, on ___28th___ day of ___JANUARY___ 2003.

_R. Barnes_ #114466

Rickey Barnes #114466
Cuda 3-L-3 — Camp. J
LA.        STATE     Prison
ANGOLA, LA. 70712

## : VERIFICATION :

Sworn To and Subscribe Before me a NOTARY
on ___28th___ day of ___January___ 2003

_John Joseph_
NOTARY.

C.C. Filed.
   St. Francisville, Clerk of Court Office.
   Rickey Barnes, Plaintiff, Files.

1.) Adminstration Remdy Procedure (ARP)(s) No: LSP-
   2002-0574; LSP-2002-0735

2.) Adminstration Appeals No: LSP-2002-12366; LSP-
   2002-12386.

3.) The Institutional Records Numbers:

(18.)