UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY BARNES (#119466)

VERSUS

SGT. DAVID JOHNSON, ET AL

CIVIL ACTION

NUMBER 03-83-JJB-SCR

RULING

This matter is before the court on the plaintiff's motions for temporary restraining order. Record document numbers 120, 126, 127, and 151. Plaintiff's motion is opposed.[1]

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against several prison officials, correctional officers and medical personnel. Plaintiff alleged that he was subjected to an excessive use of force, was denied due process at a disciplinary board hearing, and was denied adequate medical treatment in violation of his constitutional rights. On June 20, 2003, a ruling was issued dismissing all of the plaintiff's claims except for his excessive force claim against Harvey Slater, Jason Giroir, Terry Sharp and Joseph Westbrook.

Plaintiff filed these motions for a temporary restraining order and preliminary injunction seeking an order directing the defendants to return personal property and legal materials placed in storage, to transfer the plaintiff to the mental health department during the pendency of this suit, and to refrain from retaliating against the plaintiff.

---

[1] Record document number 123.

Plaintiff argued that his personal property and legal materials were confiscated by correctional officers on January 3, 2006, March 19, 2006, May 31, 2007, and September 26, 2007. Plaintiff complained that he is unable to adequately litigate his claims because the legal materials related to this action were confiscated and have not been returned. Plaintiff failed to identify what legal materials were confiscated or how he is being impeded from litigating his claims.

Defendants responded to the plaintiff's motion arguing that the plaintiff's property was returned to him on October 25, 2006. Defendants attached copies of Personal Property Inventory forms which showed that the plaintiff signed for the receipt of his property bundles on October 25, 2006. Among the items stored in the property bundles was the plaintiff's legal materials. Defendants argued that the plaintiff is in possession of a portion of his legal materials and the remainder of his property is stored in two locker boxes at the Transitional Unit.

In order to determine whether to issue a preliminary injunction the court must consider four factors:[2]

1. the significance of the threat of irreparable harm to the plaintiff if the injunction is not granted;

2. the state of balance between this harm and the injury that granting the injunction would inflict on the defendant;

3. the probability that the plaintiff will succeed on the merits; and

4. the public interest.

It is unlikely that the plaintiff will prevail on his claims against

---

[2] Wright and Miller, Federal Practice and Procedure: Civil, §2948, et seq.

2

the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Additionally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a temporary restraining order of the sort the plaintiff seeks. Therefore, his request for a temporary restraining order is denied.

It is further ordered that the plaintiff's request for a preliminary injunction be referred to the trial of this case.

Baton Rouge, Louisiana, November _____, 2007.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE