UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RICKEY BARNES

VERSUS

SGT. DAVID JOHNSON, ET AL.

CIVIL ACTION

NO. 03-83-JJB-SCR

**RULING ON PLAINTIFF'S MOTION FOR A NEW TRIAL AND TO ALTER OR AMEND JUDGMENT**

Plaintiff, Rickey Barnes, brings motions for a new trial and to alter or amend the judgment under Federal Rule of Civil Procedure 59.  (Docs. 270, 271.)[1]  Defendants, Jason Giroir, Terry Sharp, Joseph Westbrook and Harvey Slater, filed an opposition.  (Doc. 273.)  Oral argument is not necessary.  After careful review of the aforementioned documents, the Court DENIES plaintiff's motion for the reasons discussed herein.

**Background**

Barnes, a pro se litigant, sought recovery under 42 U.S.C. § 1983 for injuries he allegedly sustained at defendants' hands while incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  Trial was held on March 17-18, 2010.  At the close of Barnes' case, the Court granted defendants' motion for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure.  Barnes now moves for a new trial under Rule 59 of the Federal Rules of Civil Procedure.

---

[1] Plaintiff brings separate motions; however, because the two motions essentially seek the same remedy, a new trial, the Court treats the motions as one.

## Law and Analysis

A district court has considerable discretion to grant or to deny a motion under Rule 59(e).  See *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir.1993).  The court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Id.* at 355.  Courts have held that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law." *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004).  Barnes does not argue the presence of previously unavailable evidence or change in the law.  Therefore, the Court addresses his concerns in light of the need to correct a manifest error of law or prevent manifest injustice.

Barnes argues that the Court erroneously granted defendants' Rule 50 motion for a judgment as a matter of law, erred in denying Barnes' motion for a mistrial and not holding a hearing on the motions in limine before trial, and finally denied Barnes a fair and impartial trial and allowed him to suffer duress.  Each of these grounds lacks merit.

The Court is justified in rendering judgment as a matter of law against a party when the evidence presented after the party has been fully heard is

insufficient for a reasonable jury to find in favor of that party. Fed. R. Civ. P. 50(a)(1). Such judgment is appropriate "if the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (*overruled* on other grounds *by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997)). To succeed on his claim, Barnes needed to show that the defendants maliciously and sadistically used unnecessary force against him for the very purpose of causing harm. *See Baldwin v. Stalder*, 137 F.3d 836, 838-39 (5th Cir. 1998) (setting forth the elements of an excessive force claim).

The Court found that under the *Hudson* factors[2] Barnes failed to provide sufficient evidence to establish either that the force used against him was unnecessary or that the defendants applied that force maliciously and sadistically for the purpose of causing him harm. Barnes erroneously conflates the Fifth Circuit's prior ruling in this case[3] with the Court's decision to grant defendant's Rule 50 motion. The Fifth Circuit ruling did not, as Barnes suggests, foreclose the issue of injury. The ruling merely stated that the nature of Barnes' injury is one factor that must be addressed to determine that Barnes did not meet the threshold standard for allowing the case to go to the jury. At trial, the Court found

---

[2] The extent of the injury suffered; the need for the application of force; the relationship between the need and the amount of force used; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992).
[3] 204 Fed. App'x 377 (5th Cir. 2006).

that the evidence showed that defendants caused only a de minimus bruise to the inside of Barnes' lip at defendants' hands. This injury, coupled with the fact that the cell entry team based its actions on Barnes' failure to obey direct verbal orders to come to the cell bars to be restrained,[4] and the uncontroverted medical testimony about Barnes' preexisting injuries, satisfies the Court that the *Hudson* factors dictate that no reasonable juror could have found for Barnes. Because no reasonable juror could find that defendants used unnecessary force against Barnes maliciously and sadistically for the purpose of causing him harm, the Court properly granted the defendants' Rule 50 motion.

Regarding Barnes' objections to the lack of a hearing before trial on any pending motions in limine, the Court finds this an inadequate ground for a new trial. The Court issued several pre-trial rulings granting certain parts of the motions, denying certain parts, and deferring other parts until trial.[5] Accordingly, the Court ruled on unresolved evidentiary issues throughout the trial. As noted in defendants' brief,[6] any issues not ruled on at trial were either not raised by the parties, obviated when the party seeking to exclude the evidence subsequently introduced it, or irrelevant. Consequently, a new trial based on resolution of the motions in limine is not warranted.

Barnes' final reasons for seeking a new trial, that he was denied a fair and impartial trial and that he felt under duress, are unsupported by the record.

---

[4] Barnes himself admitted that Defendant Slater gave him direct verbal orders to come to the cell bars to be restrained and that he refused to follow this order.
[5] *See* Docs. 239, 262, 263.
[6] *See* Defs.' Mem. in Opp'n to Pl's Mot. for New Trial 6 (doc. 273).

Barnes was given the opportunity to present his case in regular clothes, unencumbered by prison restraints. Barnes called witnesses, including himself, and conducted direct and re-direct examinations. Moreover, the Court and staff treated Barnes with courtesy and respect during this process. Barnes' claim that he felt under duress because of monitoring by prison personnel does not square with his request to appear without restraints. The security personnel present in the courtroom remained near Barnes, but did not impinge unduly upon his personal space. Nor, to the Court's recollection, did security personnel interact improperly with Barnes during the trial. The fact that Barnes did not object during trial militates against his post facto objection. Therefore, neither of Barnes' final reasons supports a new trial. Finally, the Court finds that Barnes' motion for a mistrial lacks merit.

## Conclusion

Because none of the rulings in trial were based on a manifest error of law or fact, and because the Court is not convinced that manifest injustice will result, Barnes' motion for a new trial is hereby DENIED.

Signed in Baton Rouge, Louisiana, on May 18, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**